Williams, J.
The counsel for the relators properly state the question-involved in this case, as follows:
“ Does section 3245 of the Revised Statutes, authorize stockholders of a private corporation, to cumulate their votes in the election of diz-ectors of the coz-poration ? ”
The answer to this question, is the decision of the case. As is said by the defendant’s counsel, “ If cumulative voting is legal, judgment of ouster should pass; otherwise not.”
Section 3245 provides that, “at the time and place appointed, directors shall be chosen by ballot, by the stockholders who attend for that purpose, either in person, or by lawful proxies; each share shall entitle the owner to as many votes *306 as there are directors to be elected, and a plurality of votes shall be necessary for a choice.”
The precise claim of the relators is, that inasmuch as the section imposes no restriction upon the method of voting, the stockholder may cast the votes to which his shares of stock entitle him, in any mode he chooses. They say, “ we can see nothing in the language of the statute except a direct authority to cast the votes; and this authority is without limitation as to how they shall be divided among the directors to be elected. The stockholder may therefore cast them as he will.” If this position be sound, then it would in no instance need any statutory -authority to confer the right of cumulative voting; but the right would exist, whatever number of votes each share might entitle the owner to cast, unless prohibited. Such we apprehend is not the rule. On the contrary, in .the absence of express authority, the right cannot be maintained, nor its exercise permitted. The rule is thus stated by Morawetz on Private Corporations, section 476a.
“ It seems that, at common law, each shareholder is entitled to cast but one vote, irrespective of the number of shares which he holds; but there are good reasons for holding that this rule has no application to ordinary joint stock business corporations at the present day. The custom of giving the shareholders in such companies a vote for every share, has become so well established, that it is fair to imply an intention to follow this custom in the absence of any indication to the contrary. It is generally provided by statute, or by express provision in the articles of association of a corporation, that shareholders shall bo entitled to a vote on account of each share. The right of cumulative voting at the election of a board of directors, docs not exist, unless conferred by express provision; each shareholder can cast but one vote on each share for each member of the board, whether he votes for one or all of them.”
Accordingly it will be found that such express provision has been employed, in those instances where the common law rule has been changed and cumulative voting established.
*307 In the constitution of California, provision is made for cumulative voting in the following explicit terms:
“ In all elections for directors or managers of corporations, every stockholder shall have the right to vote in person or by proxy, the number of shares owned by him, for as many persons as there are directors or managers to be elected, or to cumulate said shares, and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them on the same principle among as many candidates as he shall think fit, and that such directors or managers shall not be elected in any other manner.” Const. 1879, section 12, art. 12.
So the constitution of Illinois provides in express terms that:
The stockholder is allowed “in all elections for directors or managers * * * * to cumulate shares and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them on the same principle among as many candidates as he shall see fit.” Const. 1870, section 3, art. 11.
In art. 16, sec. 4, of the Constitution of Pennsylvania, 1873, this language is employed: “ In all elections for directors or managers of a corporation, each member or shareholder may cast the whole number of his votes for one candidate, or distribute them upon two or more candidates as he may prefer.”
In the Constitution of Missouri, of 1875, art. 12, section 6; in the Constitution of Nebraska, in the same year, section 5, of art. 11; and also in the Constitution of 1872, art. 11, section 4, of West Virginia, are found provisions equally direct, plain and clear.
It is one thing to prescribe by statute the number of votes that may be cast for each share of stock. It is another, to authorize stockholders to cumulate their votes. The statute under consideration clearly defines the voting capacity of the shares, by prescribing the number of votes to which they entitle their owners in the election of directors, authorizes voting by lawful proxies, and declares the number of votes necessary to a choice. It does nothing more. Full *308 effect is given to the statute, when, for each share of stock, the owner is allowed one vote for each director to be elected. He thus casts as many votes for each share as there are directors to be elected. This is a literal and substantial exercise of the right conferred by the statute, and is in accordance with the recognized mode of voting at the time of the enactment of the statute. If the' legislature had intended to abrogate this mode, and establish the cumulative system of voting, it easily could, and doubtless would, have done so in plain and unambiguous language. It is clear that the statute does not in terms, or by apt language, confer upon the stockholders the right of cumulative voting at the election of directors, and the absence of express provision to the contrary is not equivalent to the grant. The law therefore in this regard remains unchanged. This conclusion gathers force from the circumstance that section 3245 is a part of the revision and consolidation of the statutes under the act of March 27, 1875 (72 Ohio L. 87), which gave the commission power only “ to revise and consolidate the general statute laws of the state which may be in force at the time such commissioners shall make their report.”
The statute then in force relating to the election of directors of corporations, was section 26 of the act of May 1, 1852, to provide for the creation and regulation of incorporated companies. 1 S. & C. p. 276. So much of it as is material, is as follows: “ At the time and jDlace appointed, directors shall be chosen by ballot, by the stockholders who attend for that purpose, either in person or by lawful proxies; each share shall entitle the owner to one vote, and a plurality of votes shall be necessary for a choice.”
By the construction this statute received while in force, and as practically applied, each share entitled the owner to one vote for each director to be elected; and thus, in the election of directors, each share gave the owner as many votes as there were directors to be elected; but it is not contended that under it, the right of cumulative voting existed.
It is well settled by the repeated adjudications of this court that, “ Where all the general statutes of a state are revised and consolidated, there is a strong presumption that the same *309 construction, which the statute received before revision, should be applied to the enactment in its revised form, although the language may have been changed; and the same construction will prevail as before revision, unless the language of the new act plainly requires a change of construction to conform to the manifest intent of the legislature.” State ex rel. v. The Commissioners of Shelby County, 36 Ohio St. 326; State v. Vanderbilt, 37 Ohio St. 640; Allen v. Russell, 39 Ohio St. 337; Heck v. State, 44 Ohio St. 536.
In view of this rule of construction, it may oe fairly inferred that it was intended by the changed phraseology of section 3245, to conform the language to the interpretation given the statute for which it was substituted, and not designed to incorporate into the section a new, and theretofore unauthorized mode of voting. At least the language of the new section docs not plainly require the radical change of construction contended for.

Demurrer to answer overruled, and judgment for defendants.